IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES STRADER,

                Petitioner,

      v.                                               CASE NO. 23-3100-JWL

DAN SCHNURR[1],

                Respondents

## MEMORANDUM AND ORDER

On April 10, 2023, Petitioner James Strader filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Docs. 1.) The Court has conducted an initial review of the petition and attached documents as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons explained below, the Court will dismiss this matter for failure to state a claim upon which relief can be granted under 28 U.S.C. § 2241.

### Background

In May 2003, in Johnson County, Kansas, Petitioner was convicted of kidnapping and attempted rape and was sentenced to a controlling sentence of 233 months in prison. In June 2005, a jury in Reno County, Kansas convicted Petitioner of aggravated kidnapping, rape, and aggravated burglary and he was sentenced to a controlling sentence of 852 months in prison, to be

---

[1] Petitioner named as Respondents in this action the "prison system of Kansas Dept of Corrections Sec. Jeff Zumandam Hutchinson Corrections Warden Daniel L. Schnurr - - Classifications admin. et al admin. Central Inmate Banking Individual and official capacities (caustation) with unknown named respondents [*sic*]." (Doc. 1, p. 1.) The sole proper respondent in a federal habeas action by a state prisoner is the person who has custody over the petitioner. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("[I]n habeas challenges to present physical confinement ... the default rule is that the proper respondent is the warden of the facility where the prisoner is being held."). Thus, Dan Schnurr, the current warden of Hutchinson Correctional Facility, where Petitioner is confined, is the only proper respondent. At the Court's direction, the Clerk has docketed this matter and has included only Warden Schnurr as a named respondent.

1

served consecutively to the sentences imposed for the Johnson County convictions. He is currently incarcerated at Hutchinson Correctional Facility (HCF) in Hutchinson, Kansas.

Petitioner has filed in this Court numerous pro se actions related to his state court convictions, the conditions he faces as a state prisoner, and other complaints.[2] In the petition now before the Court, he asserts seven grounds for relief. As with some of Petitioner's prior petitions, large portions of the current petition "are incomprehensible, even when the petition is liberally construed." *See Strader v. Kansas*, Case No. 23-3002-JWL-JPO, Doc. 5, p. 3. To the extent that the Court can liberally construe and comprehend the petition, it appears to make the following allegations, highly summarized: (Ground One) Respondent Schnurr is not following recently enacted state guidelines regarding classification standards and prisoners' employment at minimum wage; (Ground Two) Petitioner's medical records have been illegally altered so the State can avoid paying for the newest version of a surgery Petitioner needs; (Ground Three) internal management policies and procedures (IMPPs) and Kansas administrative regulations followed by the Kansas Department of Corrections are unconstitutional; (Grounds Four, Six, and Seven) conditions at HCF have violated Petitioner's constitutional rights; and (Ground Five) Petitioner was the victim of theft, Central Inmate Banking is embezzling funds in part due to an improperly created "IMPP statute," and Petitioner was denied due process when the prison deprived him of property, money, and the opportunity to work at a minimum wage job. *Id.* at 6-11.

As relief, Petitioner asks this Court to award monetary damages, punitive damages, and exemplary damages; order a *Martinez* report; enter a declaratory judgment in Petitioner's favor;

---

[2] *See, e.g., Strader v. Werholtz*, Case No. 19-3102-SAC: *Strader v. Kansas*, Case No. 19-3137-SAC; *Strader v. Kansas*, Case No. 19-3218-HLT; *Strader v. Reno County District Court*, Case No. 20-3001-SAC; *Strader v. Schroeder*, Case No. 20-3002-SAC; *Strader v. Tenth Circuit Court of Appeals*, Case No. 20-3135-JWB-ADM; *Strader v. Kelly*, Case No. 20-3187-SAC; *Strader v. Kansas*, 20-cv-3298-EFM-TJJ; *Strader v. Kansas*, Case No. 21-3184-SAC; *Strader v. Kansas*, Case No. 21-3204-SAC; *Strader v. Kansas*, Case No. 21-3275-SAC; *Strader v. Kansas*, Case No. 22-3054-SAC; *Strader v. Cheeks*, Case No. 22-3114-SAC; *Strader v. Cheeks, et al.*, Case No. 22-3124-SAC; *Strader v. Kansas*, Case No. 23-3002-JWL-JPO.

award injunctive and/or equitable relief by ordering that Petitioner be allowed to work "a min[imum] wage job or better" and that all Petitioner's lost or stolen property be returned; and order a copy of: (1) "all medical records" that were provided to the Tenth Circuit in 2020 in a previous, unidentified case; (2) documents that Petitioner alleges have been stolen; (3) all documents related to Petitioner's grievances, appeals, and disciplinary reports, including those related to property claims made since 2017; (4) all Kansas City, Missouri police reports that prove Petitioner's innocence; and (5) court transcripts from proceedings in Reno County and Johnson County, Kansas. *Id.* at 7, 12.

## Analysis

Rule 4 of the Rules Governing § 2254 Cases requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254. Rule 1(b) authorizes district courts to apply the Rules to habeas petitions not brought under § 2254, such as those brought under § 2241. Because Petitioner is proceeding pro se, the Court liberally construes the petition, but it may not act as Petitioner's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments," *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005), and it "'may not rewrite a petition to include claims that were never presented,'" *Childers v. Crow*, 1 F.4th 792, 798 (10th Cir. 2021) (citation omitted). The Court has conducted the Rule 4 review of the petition and attached exhibits and finds that this matter is subject to dismissal in its entirety for the reasons set forth below.

As the Court has previously and repeatedly explained to Petitioner, a petition seeking relief under 28 U.S.C. § 2241 "is 'used to attack the execution of a sentence' by challenging 'the fact or

3

duration of a prisoner's confinement and seek[ing] the remedy of immediate release or a shortened period of confinement.'" *See Strader v. Kansas*, Case No. 23-3002-JWL-JPO, Doc. 5, p. 3 (quoting *Strader v. Schnurr*, 2022 WL 16833790, *1 (D. Kan. Nov. 9, 2022) (unpublished)).

Despite the Court's prior explanations, Petitioner does not seek immediate release or a shortened period of confinement as relief in this action. Rather, he seeks monetary relief, orders to produce various documents, an order related to his in-prison work opportunities, and declaratory judgment in his favor. Thus, he has sought only relief that is not available under § 2241, and this matter is subject to dismissal for that reason alone.

In addition, although Petitioner's asserted grounds for relief are difficult to decipher, it appears that the majority of them do not relate to the execution of Petitioner's sentence. Petitioner refers generally to "constitutional rights" and to various amendments, but at no point does he articulate facts that support a comprehensible claim of the violation of a specific constitutional right related to the execution of his sentence, as is required to obtain relief under 28 U.S.C. § 2241. Even liberally construing the petition, as is appropriate since Petitioner proceeds pro se, only Ground Three appears to include arguments that might constitute a claim for § 2241 relief, in that it mentions disciplinary proceedings and generally alleges that multiple IMPPs and state administrative regulations are unconstitutional. *See Abdulhaseeb v. Ward*, 173 F. Appx. 568, 659 n.1 (10th Cir. 2006) (unpublished) (holding that petitions under § 2241 may be used to assert that a state prisoner was denied constitutionally required due process in the disciplinary proceedings).

However, Petitioner fails to sufficiently identify the disciplinary actions on which he bases his challenge, explain how he personally has been injured by the alleged deficiencies in those specific disciplinary proceedings, or show that he exhausted available state-court remedies related to his claims. The Court has previously and repeatedly explained to Petitioner that "if he wishes to

4

seek relief based on events that occurred in the context of disciplinary hearings, he must 'sufficiently identify the actions on which he bases his challenge.'" *See Strader v. Kansas*, Case No. 23-3002-JWL-JPO, Doc. 5, p. 4 (quoting *Strader v. Schnurr*, 2022 WL 16833790 (D. Kan. Nov. 9, 2022), which also pointed to similar language in *Strader v. Kansas*, 2022 WL 11747254, *6 (D. Kan. Oct. 20, 2022)). In the current petition, Petitioner identifies the decision or action he is challenging as "multip[le] ongoing since 2017 to now." (Doc. 1, p. 2.) This is not sufficiently specific.

Similarly, Petitioner's general assertions that the "State[']s K.A.R. Rule Book is unconstitutional," that the IMPPs are "unlawful," and that K.A.R. 44-13-402 through K.A.R. 44-13-704 "violated Due [P]rocess" do not state a sufficiently specific ground for relief. (Doc. 1, p. 6, 8.) Many of the regulations Petitioner cites have been revoked or are reserved; thus, they are not in effect at this time. *See, e.g.*, K.A.R. 44-12-320 (revoked), 44-13-405 (revoked), 44-13-410 to 44-13-500 (reserved), 44-13-502 (revoked), 44-13-604-609 (reserved). Most of the state administrative regulations Petitioner cites relate to prison disciplinary proceedings. The constitutionality of prison disciplinary proceedings may be properly brought under § 2241 if "a state prisoner challenges the fact or duration of his confinement, and seeks either immediate release from prison, or the shortening of his term of confinement." *See Peterson v. Lampert*, 490 Fed. Appx. 145, 147 (10th Cir. 2012) (unpublished) (internal quotation marks omitted) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005)). But as noted above, Petitioner does not seek immediate release from prison in this action, nor does he allege that if he succeeds in this action his sentence would be shortened. Thus, his constitutional challenges appear more properly brought in a § 1983 action. *See id.*

Similarly, all other grounds for relief asserted in the petition are not properly brought in an

5

action seeking federal habeas relief under 28 U.S.C. § 2241. To the extent the Court can decipher them, most of the grounds appear related to the conditions of Petitioner's confinement or alleged violations of state law. As this Court has repeatedly explained to Petitioner, challenges to conditions of confinement may not be brought in a habeas action; they must be brought under 42 U.S.C. § 1983. *See, e.g.*, *Strader v. Cheeks*, Case No. 22-3114-SAC, Doc. 11 (D. Kan. June 14, 2022) (unpublished). And "[f]ederal habeas relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991).

## Conclusion

For the reasons set forth above, the petition currently before the Court is subject to dismissal in its entirety for failure to state a claim on which federal habeas relief may be granted under 28 U.S.C. § 2241. Generally, when Rule 4 review reveals that an initial federal habeas petition is deficient, the Court will allow the petitioner an opportunity to amend the petition to cure the deficiencies. Here, however, the petition is subject to dismissal in its entirety because Petitioner has failed to comply with rules that apply to actions brought under § 2241 that this Court has repeatedly explained to him in past cases. Petitioner's repeated failure to abide by these principles leads the Court to conclude that offering the opportunity for amendment of the petition in this matter would be futile. Accordingly, this matter will be dismissed for failure to state a claim for relief under 28 U.S.C. § 2241.

## Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires the Court to issue or deny a certificate of appealability (COA) upon entering a final adverse order. The Tenth Circuit has held that this requirement also applies to petitions brought under 28 U.S.C. § 2241. *See Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000).

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural ruling in this matter is not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability

**IT IS THEREFORE ORDERED** that this matter is dismissed without prejudice for failure to state a claim on which relief could be granted under 28 U.S.C. § 2241. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:   This 12th day of April, 2023, at Kansas City, Kansas.

S/ John W. Lungstrum

JOHN W. LUNGSTRUM
United States District Judge